UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| MARK THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | No: |
| vs. | ) | |
| | ) | |
| UNITED STONE, LLC and MARGARITO LUJAN, | ) | Judge: |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), Plaintiff files this lawsuit against Defendants and states his cause of action as follows:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Plaintiff is a resident of Hamilton County, Tennessee.

3. Defendant United Stone, LLC ("United Stone") is a Tennessee corporation. Its principal office is located in Marion County, Tennessee. Defendant's registered agent for service of process is Margarito Lujan, 455 Main Street, Whitwell, Tennessee 37397.

4. Defendant Margarito Lujan is a member/owner of Defendant United Stone and has operational control of the company.

5. Defendant United Stone purchases the right to extract stone from parcels of land in the East Tennessee area and sells and distributes the stone to companies and individuals located in various states throughout the United States.

6. Plaintiff has been employed by Defendant United Stone from approximately

April of 2013 through the present.

7. Plaintiff is employed as a laborer who works on the parcels of land for which Defendant United Stone has purchased the right to extract stone. Specifically, Plaintiff gathers the stones from parcels of land from the land and stacks and organizes them on the land. Other employees of Defendant United Stone come to the land, pick up the stone, and move it to Defendant United Stone's facility where it is stored until it is purchased.

8. At all times material to this action, Defendant United Stone was an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

9. Each Defendant is an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

10. Plaintiff is an "employee" of each Defendant as defined by Section 203(e)(1) of the FLSA.

11. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendants.

12. Plaintiff is paid an hourly wage for his work. Accordingly, he is entitled to overtime wages at a rate of one and one-half times his regular rate of pay for hours worked over 40 in a given workweek, pursuant to Section 207 of the FLSA.

13. While employed by Defendant United Stone, Plaintiff has worked more than 40 hours per workweek during certain workweeks, but was not paid overtime wages at a rate of one and one-half times his regular rate of pay for all hours worked over 40 during those workweeks, as required by Section 207 of the FLSA.

14. Rather than pay Plaintiff one and one-half times his regular rate of pay for all hours worked over 40 in a given workweek, Defendant United Stone paid Plaintiff his regular

rate of pay, or "straight time," for overtime hours

15. Defendants' violations of Section 207 of the FLSA were willful. Specifically, Defendants were aware of their legal obligation to pay Plaintiff overtime pay, or recklessly disregarded their obligation.

16. As a result of Defendants' failure to comply with Section 207 of the FLSA, Defendants are liable to Plaintiff for overtime back pay.

17. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b).

18. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

19. Defendants' violations of the FLSA as described herein are continuing.

WHEREFORE, Plaintiff prays for the following relief:

(a) An award of damages in the amount of his unpaid overtime compensation;

(b) An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

(d) An award of reasonable attorney's fees;

(e) An award of the costs and expenses of this action; and

(f) Such other, further general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., #13839
Attorney at Law
4525 Harding Road
Suite 200
Nashville, Tennessee 37205
(615) 313-8188
(615) 313-8188
rsjackson@rsjacksonlaw.com

/s/ John R. McCown
John McCown
GA Bar #486002
Warren & Griffin, P.C.
513 Benjamin Way
Suite 208
Dalton, GA 30721
(423) 265-4878
Facsimile: 706-529-3890
johnmccown@gmail.com

Attorneys for Plaintiff