UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MARK THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:14-cv-224-CLC-SKL |
| | ) |
| UNITED STONE, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is the joint motion of Plaintiff Mark Thompson ("Plaintiff") and Defendants United Stone, LLC and Margarito Lujan ("Defendants"), which seeks court approval of the settlement of Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C.A. §§201-19 ("FLSA") and entry of dismissal with prejudice [Doc. 19], which was referred for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. 20]. A hearing on the joint motion was held on February 6, 2015, during which Plaintiff was represented by attorneys John R. McCown and R. Scott Jackson, Jr. and Defendants were represented by attorney Donna J. Mikel. Prior to the hearing, the parties provided to the undersigned a copy of the Settlement Agreement and Release executed in counterparts. For the reasons below, I **RECOMMEND** that the parties' joint motion seeking court approval of the settlement of Plaintiff's claims under the FLSA and entry of dismissal with prejudice [Doc. 19] be **GRANTED**.

When an employee's rights under the FLSA are violated, the statute provides for back pay in the amount of unpaid minimum wages and overtime compensation plus an equal amount as liquidated damages. *See* 29 U.S.C. § 216(b). Because Congress perceived an imbalance of

bargaining power between employers and wage-hour employees, *see Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 708 (1945), these remedies are mandatory and not subject to bargaining, waiver, or modification by contract or settlement except in two narrow circumstances. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Under the first of those circumstances, not at issue here, an employee may waive her right to bring suit when the Secretary of Labor supervises the employer's repayment of unpaid wages and overtime compensation. *See* 29 U.S.C. § 216(c). Under the second circumstance, an employee who has filed a lawsuit asserting FLSA claims against her employer may settle her case subject to judicial approval of the settlement with respect to the FLSA claims. *See D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (distinguishing out-of-court compromises from stipulated judgments because "the simple device of filing suits" provides the additional safeguards of "pleading the issues and submitting the judgment to judicial scrutiny"); *Lynn's Food Stores, Inc.*, 679 F.2d at 1353-54. To approve such a settlement, the court must conclude that it fairly and reasonably resolves a bona fide dispute over FLSA provisions and that the lawsuit has in fact provided the adversarial context to protect the employee's interests from employer overreaching. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354-55.

Some courts have determined that judicial approval of an FLSA settlement may not be required in all cases. *See Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 364-65 (S.D.N.Y. 2013) (citing, *inter alia*, *Fernandez v. A–1 Duran Roofing, Inc*., No. 12-CV-20757, 2013 WL 684736, at *1 (S.D. Fla. Feb. 25, 2013) (approval unnecessary where parties were represented by counsel and negotiated a settlement in an adversarial proceeding); *Picerni v. Bilingual Seit & Preschool Inc*., 925 F. Supp. 2d 368, 372-73 (E.D.N.Y. 2013) (plaintiff's acceptance of offer of judgment for FLSA claims and dismissal pursuant to Fed. R. Civ. P. 41(a) did not require judicial approval); *but see, e.g.*, *Files v. Federated Payment Sys. USA, Inc.*, No. 11-CV-3437(JS)(GRB),

2

2013 WL 1874602, at *1-3 (E.D.N.Y. Apr. 2, 2013) (FLSA settlement requires judicial approval). Nonetheless, as the Court is not aware of any binding authority holding that approval is not necessary under the circumstances at issue, and the parties have filed a motion seeking approval, the Court will review the terms of the settlement in this case to determine if it is fair and reasonable. *See Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citations omitted) ("Before approving a settlement, a district court must conclude that it is fair, reasonable and adequate.").

It appears there are bona fide disputes regarding FLSA coverage and the amount of back pay in this case. The parties have reached an agreement to settle disputed claims and defenses, as a means of avoiding the uncertainty and expense associated with further litigation and without any admission of fault or liability. The parties agree the settlement represents nearly 100% of Plaintiff's alleged overtime back pay ($950.00) plus an equal amount of liquidated damages ($950.00), for a total of $1,900.00 payable to Plaintiff. The parties engaged in arms' length negotiations, in which the parties were each represented by experienced and reputable counsel, ensuring that the employee's interests were adequately protected from any overreaching. The parties agree Plaintiff's recovery is fair and complete under the FLSA.

The parties have also agreed to resolve Plaintiff's claim for attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) for a total of $7,500.00 ($3,550.00 payment to R. Scott Jackson, Jr. and $3,950.00 payment to Warren & Griffin). The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorney's fees and litigation costs. 29 U.S.C. § 216(b). Indeed, an "award of attorneys' fees under the FLSA is mandatory, with the amount of fees within the discretion of the court." *Cruz v. Vel-A-Da, Inc.*, No. 3:90CV7087, 1993 WL 659253, at *3 (N.D. Ohio May 14, 1993) (citing *United Slate, Tile & Composition Roofers, Damp and Waterproof*

*Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984)). "The Court must also separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined." *Lliguichuzhca*, 948 F. Supp. 2d at 366. "Attorney's fees in FLSA settlements are examined to ensure that the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients." *Id.* (citations, internal quotation marks, and alteration notation in original omitted). While the attorneys' fees are significantly more than the recovery of Plaintiff in this case, it appears Plaintiff has received close to 100% of his alleged back pay of overtime wages plus liquidated damages as recovery for his claim. When the maximum recovery for an employee is relatively small because the unpaid overtime is relatively minor, an attorney may reasonably recover more than the employee. *See, e.g.*, *Perdomo v. Sears, Roebuck & Co.*, No. 97-2822-CIV-T-17A, 1999 WL 1427752, at *10 (M.D. Fla. Dec. 3, 1999) ($117,629.51 in fees and costs and $17,140.84 in damages); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955 (E.D. Wis. 2003) ($36,204.88 in fees and costs and $3,539.91 in damages); *Perrin v. John B. Webb & Assocs.*, No. 604CV399ORLKRS, 2005 WL 2465022, at *4 (M.D. Fla. Oct. 6, 2005) ($7,707.40 in fees and costs and $270.00 in damages). For an employee with minimal claims to obtain the services of an attorney, that attorney must be able to recover a reasonable fee; the possibility of an attorney's fee that eclipses any overtime pay award should add to the incentive for an employer to make a quick and just resolution of even the most minor overtime claims. *See, e.g., Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307*, 732 F.2d at 501) (alteration in original) (FLSA fee award "'encourage[s] the vindication of congressionally identified policies and rights'"). It appears the attorneys' fees in this matter are reasonable under the circumstances, as all parties have

4

agreed that the attorneys' fee award calculations were based on an hourly rate that was less than Plaintiff's attorneys' usual reasonable hourly rate for services performed in FLSA cases, multiplied by the actual number of hours spent working on this matter. After careful review of the joint motion of the parties [Doc. 19], the Settlement Agreement and Release, and the representations made by counsel during the hearing, I conclude that the settlement is a fair and reasonable compromise of the parties' dispute and that the lawsuit has provided the proper adversarial context to protect the Plaintiff-employee's interests from any Defendant-employer overreaching. For these reasons, I **RECOMMEND**[1] as follows:

1. That the joint motion for approval of settlement [Doc. 19] be **GRANTED**;

2. That the settlement with respect to Plaintiff's FLSA claim be **APPROVED** as a fair and reasonable compromise of bona fide issues of law and fact; and

3. That it be **ORDERED** that the parties should submit a proper stipulation of dismissal with prejudice within **30 days** of the Order ruling upon this Report and Recommendation.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).